UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP DESCHAMPS,<br><br>                    Plaintiff,<br><br>        v.<br><br>CITY OF SAUSALITO, et al.,<br><br>                    Defendants. | Case No.  22-cv-00928-EMC<br><br>**ORDER ADOPTING IN PART AND<br>REJECTING IN PART REPORT AND<br>RECOMMENDATION, AND DENYING<br>*EX PARTE* APPLICATION FOR<br>TEMPORARY RESTRAINING ORDER**<br><br>Docket Nos. 2, 4, 5 |

Currently pending before the Court is (1) Judge Beeler's report and recommendation in Plaintiff Philip Deschamps's application to proceed in forma pauperis ("IFP") and (2) Mr. Deschamps's ex parte application for a temporary restraining order ("TRO").

With respect to the IFP application, the Court agrees with Judge Beeler that, based on Mr. Deschamps's financial affidavit, the application should be granted. However, the Court does not agree with Judge Beeler that the complaint, as pled, is not subject to dismissal on mandatory sua sponte review under 28 U.S.C. § 1915(e)(2).

The IFP statute provides that a court shall dismiss a case if it determines that, *e.g.*, the case fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2). Here, Mr. Deschamps asserts that he has claims pursuant to 42 U.S.C. § 1983. Specifically, he asserts violations of the First Amendment (his "right to associate with pets"), the Fourth Amendment, the Eighth Amendment, and the Fourteenth Amendments. In the complaint, Mr. Deschamps explains that he has brought these claims because "[t]hey gave us 3 days to move to the tennis courts, and now they are taking away the structure I need to keep my cats." Compl. at 4. The TRO application sheds additional light on Mr. Deschamps's claims. In the TRO application, he states

United States District Court
Northern District of California

1  that he will not be allowed to use his "tent structure" and instead will be issued a "standard one"

2  that is 8x6 feet.  TRO App. at 2.  He asserts that the standard tent is inadequate because "[t]here is

3  not enough space for my cats" and "they are made out [of] really thin material" that his "cats will

4  rip up easily."  TRO App. at 2.  In contrast, his own tent "is made [up of] strong reinforced

5  canvas[] my cants can't tear up. . . . [If] my cats escape before they acclimate to the tennis courts,

6  they will go astray and may die by getting hit by vehicles or eaten by coyotes."  TRO App. at 3.

7          Mr. Deschamps has failed to state a claim for violation of the First Amendment because

8  there is no right to associate with pets under the First Amendment.

9          He has also failed to state a claim for unlawful seizure under the Fourth Amendment

10  because, even if he will need to use the standard tent (presumably, because of space limitations in

11  the tennis court area), there is no indication that his own tent will be taken from him and/or

12  destroyed.

13          For the Eighth Amendment claim, there does not appear to be any authority supporting Mr.

14  Deschamps' contention that Defendants' actions constitute cruel and unusual punishment.

15          Finally, to the extent Mr. Deschamps is bringing a claim under the Fourteenth Amendment

16  for a violation of substantive due process, the Due Process Clause protects against arbitrary

17  deprivation of liberty by the government only.  *See Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d

18  1189, 1195 (9th Cir. 2013) (stating that "'[s]ubstantive due process protects individuals from

19  arbitrary deprivation of their liberty by government'[;] [t]o constitute a violation of substantive

20  due process, the alleged deprivation must 'shock the conscience and offend the community's sense

21  of fair play and decency'").  Taking into account the allegations in the complaint as supplemented

22  by the TRO application, the Court does not find plausible allegations of arbitrariness.

23          Accordingly, the Court dismisses the complaint pursuant to its § 1915(e)(2) review.

24  However, it shall give Mr. Deschamps leave to file an amended complaint.  The amended

25  complaint shall be filed by **March 22, 2022**.  In the amended complaint, Mr. Deschamps must

26  identify all legal claims that he is asserting *and* state all facts that support the claims for relief.  If

27  Mr. Deschamps does not timely file an amended complaint, then the Clerk of the Court shall

28  automatically enter a final judgment and close the file in the case.

For the reasons stated above, the Court **ADOPTS** in part and **REJECTS** in part Judge Beeler's R&R.  It agrees with Judge Beeler that the IFP application should be granted but it disagrees with Judge Beeler's recommendation with respect to the plausibility of the claims asserted in the complaint.

Because the Court is dismissing the case, it **DENIES** without prejudice Mr. Deschamps's ex parte application for a TRO.  A denial is also appropriate because Mr. Deschamps has failed to provide a basis for seeking relief on an ex parte basis (*i.e.*, without giving any kind of notice to the City).

This order disposes of Docket Nos. 2, 4, and 5.

**IT IS SO ORDERED**.

Dated: February 22, 2022

_____
EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California