FILED
MAR 08 2022
RECEIVED
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

CLERK, US DISTRICT COURT
NO. DIST. OF CA.

UNITED STATES COURT
DISTRICT OF NORTHERN CALIFORNIA

PHIL DESCHAMPS

  Plaintiff,

vs.

CITY OF SAUSALITO, URBAN ALCHEMY and in their personal and official capacities MANAGER CHRIS ZAPATA, MAYOR JANELLE KELLMAN, CHIEF JOHN ROHRBACHER, LIEUTENANT STACIE GREGORY, DOES 1-10 INCLUSIVE

  Defendant

Case No.: 3:22-cv-00928-VC EMC

Application TRO

AMENDED COMPLAINT PURSUANT TO 42 USC 1983 AND 1985

& VIOLATION OF ROBERT T. STAFFORD DISASTER RELIEF AND EMERGENCY ASSISTANCE ACT 42 U.S.C. §§ 5121-5207

JURY TRIAL DEMANDED

Type body of pleading here.

Dated this day of Month, year.

_____
Attorney Name

**Notice Of Pro Se Standing**

""Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end. Proper pleading is important, but its importance consists in its effectiveness as a means to accomplish the end of a just judgment." Quote *Maty v. Grasselli Chemical Co.*, 303 U.S. 197 (1938). I ask the court to recall this statement while I approach this pro se. "[A] pro se petitioners pleadings should be liberally construed to do substantial justice." United States v. Garth, 188 F. 3d 99, 108 (3dCir. 1999).

AMENDED COMPLAINT PURSUANT TO 42 USC 1983 AND 1985& VIOLATION OF ROBERT T. STAFFORD DISASTER RELIEF AND EMERGENCY ASSISTANCE ACT 42 U.S.C. §§ 5121-5207JURY TRIAL DEMANDED - 1

Pro se pleadings are to be considered without regard to technicality; pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers. Jenkins v. McKeithen, 395 U.S. 411, 421 (1959); Picking v. Pennsylvania R. Co., 151 Fed 2nd 240; Pucket v. Cox, 456 2nd 233

I am not a lawyer and her pleadings cannot be treated as such. In fact, according to Haines v. Kerner, 404 U.S. 519 (1972), a complaint, however in artfully pleaded, must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the Petitioner can prove no set of facts in support of his claim which would entitle him to relief." Id., at 520-521, quoting Conley v. Gibson, 355 U:S. 41,45-46 (1957).

Furthermore quoting Justice Black in Conley v. Gibson, 355 U:S. 41,45-46 (1957). "Following the simple guide of Rule 8(f) that "all pleadings shall be so construed as to do substantial justice," we have no doubt that petitioners' complaint adequately set forth a claim and gave the respondents fair notice of its basis. The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome, and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."

Finally, I ask the the court continues to give its guidance to allow the case to be decided on its merits. Errors of the court in not giving due consideration for the power disparity between myself, and individual with significant disabilities related to reading limiting my ability to gain access to justice may be grounds for appeal. Quoting **B. Platsky v. CIA, 953 F.2d 25, 26 28 (2nd Cir. 1991)** Reversing district court for dismissing pro se complaint for lack of standing without explaining formalities of pleading and affording pro se plaintiff an opportunity to replead **the "Court errs if court dismisses pro se litigant without instruction of how pleadings are deficient and how to repair pleadings."**

AMENDED COMPLAINT PURSUANT TO 42 USC 1983 AND 1985& VIOLATION OF ROBERT T. STAFFORD DISASTER RELIEF AND EMERGENCY ASSISTANCE ACT 42 U.S.C. §§ 5121-5207JURY TRIAL DEMANDED - 2

1   I would note the irony that while Judge Chen objected to the parallelism of the encampment as a species of prison or internment camp in his denial of the Sausalito Homeless Union's motion to put the city in contempt for dangerous conditions. The basis for his original 28 U.S. Code 1915 refers to me in relationship to my IFP as a "prisoner". Given the criminalization of poverty that has been supported by the City of Sausalito and in Courts across the US – it is hard to disagree with the categorization of "prisoner" which the Court has apparently categorized me as.

If the court finds the needs for accommodating as a pro se complaint, it can of course request an attorney to help represent to me pursuant to 28 USC § 1915 e (1).

## PARTIES

1. Plaintiff **PHIL DESCHAMPS** is a lifelone resident of marin currently residing the Marinship Encampment "Camp Cormorant" "Camp" located at Marinship Way and Testa Street. I live there with my two cats.
2. DEFENDANT City of Sausalito "City" is a municipal corporation chartered by the State of California with ability to sue and be sued and is the municipal authority over the encampment.
3. DEFENDANT Urban Alchemy is a non-profit corporation and *de facto* security contractor that provides security services at the camp.
4. DEFENDANT Chris Zapata is sued in his personal and official capacities as City Manager of Sausalito
5. DEFENDANT Janelle Kellman is sued in his person and official capacity as Mayor of Sausalito I
6. DEFENDANT Stacie Gregory is sued in her personal and official capacity the police lieutenant in charge of the day to day operations of the camp.
7. DEFENDANT John Rohrbacher is sued in his personal and official capacity as the chief of police who exercises police authority over the camp under the principal of respondent superior.
8. DEFENDANT DOES 1-10 inclusive are unnamed and unknown individuals who have or will threaten inflict damages upon me and shall be added by a leave of court at such a time is proper.

## JURISDICTION & VENUE

AMENDED COMPLAINT PURSUANT TO 42 USC 1983 AND 1985& VIOLATION OF ROBERT T. STAFFORD DISASTER RELIEF AND EMERGENCY ASSISTANCE ACT 42 U.S.C. §§ 5121-5207JURY TRIAL DEMANDED - 3

The court has federal question jurisdiction in this matter because all matters occur within this district, and all matters occur within the district. This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 2000aa-6(a), and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. This Court has subject matter jurisdiction over all federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), and supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367.

21. All prerequisites to bringing suit, if any, including those imposed by California Government Code, §§ 945.4, 950.6(a), have been satisfied.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this District and because a defendant reside in this District.

## INTRADSISTRICT ASSIGNMENT

Because the lawsuit arose in Marin county it should be assigned to the San Francisco/ Oakland Division of the Court.

## STATEMENT OF FACTS

1. Ant, the Urban Alchemy Supervisor said that their was insufficient platforms for everyone living at the camp. They gave me a girl named Kellys, because I refused to go to another camp. So they gave me a platform but not tent.

2. On February 8th they set up the REI tent for me on the platform. They said there were three days left until the mass eviction on from contaminated side of the field. I was slowly moving in from my former campsite on the parking lot. I was all ready to go for the 11th.

3. On February 10th, my tent was destroyed as a result of a fire and explosion that occurred to the camp right next to me. The city cordoned off my tent also because it was a crime scene. I was assisting with their investigation with the firefighters and police. I kept asking officials "where do I go?" but no one would tell me where to go. Nobody would give me answer, not Urban Alchemy or the police. The police wouldn't let me go into my own tent because it was part of a crime scene. At 3am they were just telling me to put all of my stuff in the middle of the tennis court.

4. On February 11th, the city forced me to move all of my possessions from the concrete outside of the tennis courts away from the parking lot. Urban Alchemy Supervisor Anthony said that he had talked to the city

AMENDED COMPLAINT PURSUANT TO 42 USC 1983 AND 1985& VIOLATION OF ROBERT T. STAFFORD DISASTER RELIEF AND EMERGENCY ASSISTANCE ACT 42 U.S.C. §§ 5121-5207JURY TRIAL DEMANDED - 4

that they would let me come into my camp. But then an officer immediately recanted that and told me to just put my belongings at the front part of the tennis car.

5. I asked the police "do you want me to sit on a stool all day next to me stuff?" and they had no answer. I asked them if I could have a spot to go or any direction as if my whole being was illegal. My whole life was right there where anyone could steal.

6. So I took matters into may own hands and put my belongings into one corner of the camp. They threw out my cat carrier and my litter box. I had to pull out two of my generators that I had to pull out of the dumpster during the eviction. They ended up just taking one because I had no where to put it and the police department took and I don't know what they did with it. They basically stole the generator.

7. I had to put my cat into a friends tent during all of this commotion. One of my other was missing. It was pandemonium and no one gave me any options. They were throwing away my stuff and not giving me a place to go. And my cats were scared and upset during this process.

8. I could only find a space in the far north east corner of the camp and I started setting up camp since I had no alternative. I am trying to establish myself and I'm working on my online store.

9. I was there, then that evening on Febraury 13th I was finally given a tent after I witnessed Urban Alchemy beat up resident Arthur Bruce. The man who attacked him Troy, threatened me for reporting the battery. I felt like they were suddenly giving me a tent because I was a witness to the battery and they wanted me to be quite.

10. At no time did the City provide me with their "rules of conduct" as set forth in Gregory's declaration. The city's response was the first time I saw that code of conduct, and I have never agreed to it. Nor did anyone approach me to offer me a replacement tent for the one destroyed in the fire.

11. On February 13th Urban Alchemy workers started taking photos. I was a witness to Urban Alchemy employee beating and seriously injuring Arthur Bruce, and I spoke to the press about it, so I believed it to be retaliation. While I was trying to give a statement to a police officer about the assault, and the police officer Smgalski told me I could enter my platform in the "crime scene" in my designated area and at this point I feel like he is trying to deflect my witness testimony of the battery. Within a couple of hours, I moved all of my belongings there based on what Officer Smgalski had permitted me to do.

AMENDED COMPLAINT PURSUANT TO 42 USC 1983 AND 1985& VIOLATION OF ROBERT T. STAFFORD DISASTER RELIEF AND EMERGENCY ASSISTANCE ACT 42 U.S.C. §§ 5121-5207JURY TRIAL DEMANDED - 5

12. On February 14th Lieutenant Stacey Gregory approached me to say that my structure would be torn down.

13. On February 15th I filed my complaint and TRO

14. On February 16th I made a good faith compromise with Urban Alchemy

15. On February 17th, they tore down Tom's structure, but because I had the ex parte TRO in the court – I believe they did not destroy mine. I observed them as they destroyed his structure, but no one came up to me and asked me what the status of my structure was. Finally a guy came by and said we could make a compromise where we have a small fenced off area for my cats which I needed so my cats could have a place to go outside to use the bathroom and also not get scared or frightened in a way that would lead him to getting lost. In alternative, I would take an REI canp. So the agreement was that I removed some of the scaffolding took down the structure and the tent.

16. On February 19th the REI tent was not working out with the city issued tent. I explained to Urban Alchemy that the tent was not acceptable for two cats. The cats put big holes in the screens.

17. Since then they literally have not spoken to me. No officials said a single thing about it.

18. Since I got the new tent not a single a official came up to me and told.

19. On February 22nd Judge Chen dismissed my complaint with leave to amend

20. With no written rules stating otherwise, and no apparent legitigimate reason to not have a suitable tent for my cats, I erected my structure

21. On February 28th I set up my solar panel array on my scaffolding so that I can charge my phone. There is no place to charge except an solar array on a cart that a community member donated to the camp.

22. On March 2nd, Lieutenant Gregory was walking around with someone official that seemed to be high ranking. She seemed to be putting on a show for this individual. She told me in conspicuous manner, that I could not have the structure up. That was the first time anyone had said anything about my new tent. Furthermore Gregory and had never said anything about in passing. There is not a single place to donate

23. To reiterate the issues brought up, Gregory's threatens disturbed me because it could lead to irrebparable harm and death of my cats. Not have a fenced area could lead to them going astray, getting eaten by coyotes. I have heard and seen coyotes around the camp. Also my cats might get spooked and walk into a street where they could get run over by a car.

AMENDED COMPLAINT PURSUANT TO 42 USC 1983 AND 1985& VIOLATION OF ROBERT T. STAFFORD DISASTER RELIEF AND EMERGENCY ASSISTANCE ACT 42 U.S.C. §§ 5121-5207JURY TRIAL DEMANDED - 6

24. My cats shown in Exhibit A are very important to me and they have just gotten accustomed to living in the tent and having the back yard where they can use the litter box.

25. Also my domicile shown in Exhibit C essentially conforms and is equivlant to other campsites. My campsite is 11x14 feet, which is smaller than the foot prints of other campsites shown.

26. My neighbor Collin, in D2, has a campsite that sprawls 12x17 feet with assorted stuff and has had little harassment from the police.

27. Campsites in D1 sprawls out about approximately 20x18 feet with tables, seats, and other accoutrements. They are not being threatened.

28. Campsite D4 -D9 all have equivalent or greater square footage than my own campsite. Rather the issue the city has stated is the scaffolding I use for my solar array and the larger tent I have to accommodate my cats.

29. Indeed, my campsite is one of the neater and certainly not the largest campsite in the entire encampment. The sole issue they have is with that I do not have on of their deficient REI tents, and that I have scaffolding that holds up a solar array, and I have a fenced in area for my kittens. These are all reasonable additions to my campsite that allow me to maintain my health and wellbeing, access to gainful employment and a charged phone – all essentials to my livelihood.

30. Now at this time, based on the threats of Liutenant Stacey Gregory on March 3rd, I am in fear that at any time the City and its agents make come in and destroy my campsite, leading to the irreparable harm or death of my cats, and destruction of my solar array which I depend on for electricity.

31. In its 22nd order to dismiss the court stated "Mr. Deschamps failed to state a caim for unlawful seizure under the Fourth Amendment because, even if he will need to use the standard tent (**presumably**, because of space limitation in the tennis court area), there is no indication that his own tent will be taken from him and/or destroyed.

32. The presumption that the court made is incorrect, because many other camps are City has already destroyed much of his property [Dec. Deschamps].

33. In the courts decision to dismiss the first complaint the Judge Chen cited *Sylvia Landfield Tr. City of LA*, 729 F .3d 1189, 1195 (9th Cit. 2013) "stating that 'subsantive due process protects indivudlas from arbitrary

AMENDED COMPLAINT PURSUANT TO 42 USC 1983 AND 1985& VIOLATION OF ROBERT T. STAFFORD DISASTER RELIEF AND EMERGENCY ASSISTANCE ACT 42 U.S.C. §§ 5121-5207 JURY TRIAL DEMANDED - 7

deprivation of their liberty by the government' [to] constitutite a violation of substantive due process, the alleged deprivation must 'shock the conscience and offend the community's sense of fair play and decency' The threat to the cats certainly is shocking, which given the value of animal life that was apparently appreciated by Judge Beeler. The life the cats is not a small matter.

34. Finally,the cities requirement for issued tents without a written policy for replacement has already proven problematic – and may become more so. The Court must take note that the city has not offered any policy for replacement for tents. The is a 150-denier coated polyster [rei.com/product/202982/rei-co-op-wonderland-6-tent] - not easily cleanable, and which absorb oils, dirt, and other matter which over time can fester in to mold or bacterial colonies establishing themselves in the tents fabric. The city has offered no way to clean these tents.

35. Without the personal authority to manage ones own tent, one could have similar conditions as were seen in Mission Dolores when indigenous people pulled off the land were forced into squalid conditions. The court can draw from a similar time in California History at squalid conditions in Mission Dolores and Mission San Rafael when the then sovereign colonial powers of the Bay Area coerced large populations of indigenous people into squalid conditions that facilitated the genocide which gives us our current state. One significant aspect was the spoliation of traditional indigenous dwellings made of of the willow branch based abodes that occurred when Missionaries refused to allow residents to replace their abodes. Betty Goerke, a leading expert in the genocide of native Americans in Marin and San Francisco County's relates in her comprehensive history *Chief Marin* states as much that many indigenous people interned had teepees that festered due to the Missionaries denying them the opportunity to create and replace their structures or semi annual burnings of the structures to refresh their dwellings.

36. The parallels to our encampment is intertwined with the history of genocide in the Bay Area. Homelessness is itself a result of the mode of economy and property laws that were established after the genocide and colonization of this land by the imperial powers of the Spain, Mexico, and finally the United States.

AMENDED COMPLAINT PURSUANT TO 42 USC 1983 AND 1985& VIOLATION OF ROBERT T. STAFFORD DISASTER RELIEF AND EMERGENCY ASSISTANCE ACT 42 U.S.C. §§ 5121-5207JURY TRIAL DEMANDED - 8

37. So from an uninformed view the issue of the tent may seem *de minimus* – but that is not the case. My tent and the property rights of myself and of Sausalito residents living at the camp is an extraordinarily important issue for our own health and welfare. The city has admitted that our health and welfare is in imminent danger and this encampment – by restraining our rights to protect their selves they double down on the state created dangers that serve no purpose but to accomplish the original goal of Ordinance .6009 which was to constructively remove all of us from the city and which the court has already acknowledged that they have "Acted against the interest of the health and welfare" of all of us.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**Violation of Robert T Stafford Disaster Relief and Emergency Act, 42 U.S.C. §§ 5121-5207**

38. Whereas the City of Sausalito has declared a state of emergency at our encampment. While the City believes this proclamation is urging county, state, and federal officials to give money to the City of Sausalito it also makes it incumbent upon the City to respond to the emergency situation at and provide consideration for my kittens as is require by the Robert T Stafford Disaster Relief and Emergency Act.

39. As amended, the act also requires state and local emergency preparedness operational plans to "take into account the needs of individuals with household pets and service animals."

40. Furthermore, since my cats were rescued from the other state emergencies i.e. the fires in the North Bay, and there is no alternative shelter and the city's actions are increasing the

AMENDED COMPLAINT PURSUANT TO 42 USC 1983 AND 1985& VIOLATION OF ROBERT T. STAFFORD DISASTER RELIEF AND EMERGENCY ASSISTANCE ACT 42 U.S.C. §§ 5121-5207JURY TRIAL DEMANDED - 9

likelihood that my cats face irreparable harm or death by making life impossible for them, confining to a cage, not giving them a place to use a litter box.

41. In this way, the City is willfully and wantonly flouting its responsibilities for dealing with people and their pets during states of emergencies – which the city has declared exists at the camp.

FIRST CAUSE OF ACTION

42. **Cruel and Unusual Punishment; Excessive Fines (Eighth Amendment to the U.S. Constitution; 42 U.S.C. §1983; Art. 7) 173.**

43. Plaintiffs incorporate each and every allegation of the preceding paragraphs as if fully set forth herein. The acts and omissions of Defendants, as described herein, violate the 28 constitutional rights of Plaintiffs to be free from actual or threatened cruel and unusual punishment and excessive fines.

44. By virtue of their status as homeless people , and due to the insufficiency of shelter or housing in the City of Petaluma, the Plaintiffs have no way to comply with the laws Defendant enacted and continues to enforce against them. The City of Petaluma has a policy and practice of forcibly removing Plaintiffs who are involuntarily sleeping overnight from public property, including all parks, waterways, and city-owned properties which it has now codified in the amended Municipal Code Sections challenged herein. This has the effect of a citywide ban that does not allow for Plaintiffs to maintain life-sustaining activities that are the unavoidable consequence of being without housing.

45. Defendants have a custom, policy, and/or practice of encouraging its officers to threaten and to cite or arrest homeless people for sleeping or having property in public, which is

46. unavoidable behavior due to their unhoused status. There is an actual controversy between Plaintiffs and the City of Petaluma concerning the continued threat of citation and arrest if Plaintiffs remain on public property, in parks, waterways, and other city-owned properties. The City will continue enforcement throughout the city and has a history of issuing citations and making arrests in other areas of the city. Plaintiffs desire a judicial determination of their rights and duties and a declaration as to Defendant's constitutional obligations.

## SECOND CAUSE OF ACTION

47. **Unlawful Seizure of Property (Fourth and Fourteenth Amendments to the U.S. Constitution; 42 U.S.C. § 1983)**

48. Plaintiffs incorporate each and every allegation of the preceding paragraphs as if fully set forth herein. The provisions of the challenged revisions to the the City of Sausalitos action will permit Defendants to permanently seize, and in some cases, destroy with no genuine opportunity for

49. retrieval, any personal property belonging to Plaintiffs and other unhoused, unsheltered persons. On its face, and if enforced, the enacted prohibitions, policy and procedures regarding camping unreasonable seizures that violate the 4th and 14th Amendments of the United States Constitution.

AMENDED COMPLAINT PURSUANT TO 42 USC 1983 AND 1985& VIOLATION OF ROBERT T. STAFFORD DISASTER RELIEF AND EMERGENCY ASSISTANCE ACT 42 U.S.C. §§ 5121-5207JURY TRIAL DEMANDED - 11

**THIRD CAUSE OF ACTION: Cruel and Unusual Punishment (Art. 7, §17 California Constitution)**

50. Plaintiffs incorporate each and every allegation of the preceding paragraphs as if fully set forth herein. The acts and omissions of Defendants, as described herein, violate the constitutional rights of Plaintiffs to be free from actual or threatened cruel and unusual punishment and excessive fines. By virtue of their status as homeless people, and due to the insufficiency of

51. shelter or housing in the City of Petaluma, Plaintiffs have no way to comply with the laws Defendant enacted and continues to enforce against them. The City of Sausalito has a custom and policy of seizing and destroying unhoused peoples property. In this case, the constructive eviction of the cats that could lead to their harm or death shocks the conscience and meets the definition of cruel and unusual punishment.

**FOURTH CAUSE OF ACTION: Right to Due Process of Law: State-Created Danger (Fourteenth Amendments to the U.S. Constitution; 42 U.S.C. § 1983)**

52. Plaintiffs incorporate each and every allegation of the preceding paragraphs as if
53. fully set forth herein. The City of Petaluma has a policy and practice of constructively evicting my cats from the encampment.

**FIFTH CAUSE OF ACTION Right to Due Process of Law: State-Created Danger (Article I, Section 7 of the California Constitution) 186.**

AMENDED COMPLAINT PURSUANT TO 42 USC 1983 AND 1985& VIOLATION OF ROBERT T. STAFFORD DISASTER RELIEF AND EMERGENCY ASSISTANCE ACT 42 U.S.C. §§ 5121-5207JURY TRIAL DEMANDED - 12

54. Plaintiffs incorporate each and every allegation of the preceding paragraphs as if fully set forth herein. The City of Petaluma has a policy and practice of forcibly removing Plaintiffs from

55. encampments in disregard of CDC guidelines pertaining to exposure to COVID-19 as well as heat- related dangers that will be greatly exacerbated if Defendants are permitted to enforce the revised sections of the Petaluma Municipal Code challenged herein. Plaintiffs will be placed in immediate danger to their health and safety by exposing them to the elements, depriving them of their rights to substantive due process guaranteed by Article 1, section 7 of the California Constitution.

**SIXTH CAUSE OF ACTION Cruel and Unusual Punishment; Excessive Fines (Eighth Amendment to the U.S. Constitution; 42 U.S.C. §1983; Art. 7) 173.**

**SEVENTH CAUSEO F ACTION Right to Due Process of Law (Fourteenth Amendment to the U.S. Constitution; 42 U.S.C. §1983)**

Plaintiffs incorporate each and every allegation of the preceding paragraphs as if fully set herein. City of Sausalito is cruelly treating my cats is cruel and unusual and shocks the conscience. As guaranteed by the Article I, Section 7 of the California State Constitution, because they fail to inform Plaintiffs and other members of the public as to what acts and conduct will subject them to criminal penalties and what forms of what acts and conduct will not.

AMENDED COMPLAINT PURSUANT TO 42 USC 1983 AND 1985& VIOLATION OF ROBERT T. STAFFORD DISASTER RELIEF AND EMERGENCY ASSISTANCE ACT 42 U.S.C. §§ 5121-5207JURY TRIAL DEMANDED - 13

## EIGHTH CAUSE OF ACTION CAUSE OF ACTION Right to Due Process of Law

### (Article I, Section 7 of the California Constitution)

56. Plaintiffs incorporate each and every allegation of the preceding paragraphs as if fully set herein. The City of Petaluma's Anti-Camping Ordinances and, in particular, the overbreadth, vagueness and ambiguity of terms including, but not limited to "critical infrastructure" "damage," "incapacity," "disruption," "destruction," "impede" "vital function" "youth-related" in the challenged Code Sections create vague and uncertain requirements that are a denial of due process of law, as guaranteed by the Article I, Section 7 of the California State Constitution, because they fail to inform Plaintiffs and other members of the public as to what acts and conduct will subject them to criminal penalties and what forms of what acts and conduct will not.

### NINTH CAUSE OF ACTION: California Civil Code §52.1195.

57. Plaintiffs incorporate each and every allegation of the preceding paragraphs as if

**58.** fully set forth herein. The Defendant's conduct, as described herein, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise and enjoyment of Plaintiffs' rights as secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution or laws of the United States, and of the rights secured by the Constitution or laws of the State of California. Defendant has enacted revisions to its municipal code which on their face and if enforced will subject Plaintiffs to arrest and prosecution for violation of misdemeanors punishable by

AMENDED COMPLAINT PURSUANT TO 42 USC 1983 AND 1985& VIOLATION OF ROBERT T. STAFFORD DISASTER RELIEF AND EMERGENCY ASSISTANCE ACT 42 U.S.C. §§ 5121-5207JURY TRIAL DEMANDED - 14

incarceration and excessive fines under ordinances unconstitutional on their face and as applied. 1o If forced to comply, Plaintiffs face coercive and intimidating tactics to forcibly remove Plaintiffs, present them with inculcating unsanitary conditions at the camp are entitled to an injunction pursuant to California Civil Code §52.1.

**Ninth Cause of Action Trespass to Chattels in violation of the 4th amendment of the Constitution**

**10th Cause of Action: Conversion in violation of the 4th amendment of the Constitution**

### PRAYER FOR RELIEF

1. Relief is prayed that the court grant the proposed order for TRO to immediately to enjoin defendants from tearing down my tent, and displacing my cats.
2. That my cats not be forced to live inside of a box.
3. That be permitted to have the area directly behind his platform for a fenced in area for his cats.
4. That the city immediately meet and confer with me to find and equitable solution and stop harassing me with out any form of redress or complaint process for the behavior of their employees.ß

AMENDED COMPLAINT PURSUANT TO 42 USC 1983 AND 1985& VIOLATION OF ROBERT T. STAFFORD DISASTER RELIEF AND EMERGENCY ASSISTANCE ACT 42 U.S.C. §§ 5121-5207JURY TRIAL DEMANDED - 15